IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

JENNIFER LACKEY,

            Plaintiffs,

    vs.

RAY KLEIN, INC., dba
PROFESSIONAL CREDIT SERVICE,

            Defendant.

NO.

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ.

COMES NOW Plaintiff Jennifer Lackey, by and through counsel, who alleges:

## I.    **PARTIES AND JURISDICTION**

1.    Plaintiff Jennifer Lackey is an individual who resides in King County, Washington State.

2.    Defendant Ray Klein, Inc., d/b/a Professional Credit Service ("PCS"), a Washington Corporation, UBI No. 601574127 is a debt collector and collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiff. PCS's registered agent is Jane Hardin, located at 12204 SE Mill Plain Blvd Suite 101, Vancouver, WA 98684.

3.    PCS is a licensed Collection Agency in Washington State.

Complaint - 1

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

4.      Jurisdiction over Defendant is proper as Defendant is doing business in Washington State and all actions occurred Washington.

## II.      FACTS

5.      In 2013, Defendant sued Ms. Lackey in King County District Court (case no. 134-10195) and obtained a default judgment under questionable circumstances (hereafter "the judgment").  Defendant, a debt-buyer and/or assignee of a debt buyer, obtained the judgment on an account which allegedly originated from a 2008 Highline Medical Center bill of $2,195.00. *See* **Exhibit A** (default judgment).

6.      Upon information and belief, Highline Medical Center did not charge interest on any accounts from that time period, and as such, Defendant had no right to obtain pre-judgment interest on the account, but nevertheless, obtained a judgment against Plaintiff which included $1,273.10 in pre-judgment interest, nearly all of which occurred prior to Defendant's alleged purchase of the account.

## The Class-Action Lawsuit Against Defendant

7.      Several years later, Defendant was sued in a class-action case, *Roberson v. Ray Klein, et al.*, in King County Superior Court no. 16-2-21380-4 ("the class action").  On November 28, 2017, Judge Helson certified two classes which included accounts purchased by Defendant from Highline Medical Center and upon which interest was charged.

8.      Because of the way the classes were defined (individuals who had made payments to Defendant on the aforementioned accounts), Plaintiff Jennifer Lackey was not a member of the foregoing classes, as she was unaware these actions had occurred and thus had not had the opportunity to make any payments.

Complaint - 2

9.      In early 2018, the parties to the class action lawsuit, including Defendant herein, reached a settlement, which was approved by the King County Superior Court.

10.     One of the provisions of the class action lawsuit, however, was that Defendant would remove all interest from any purchased Highline Medical Center accounts from before the date of purchase.  This provision was to apply to non-class members (such as Ms. Lackey).

11.     On August 17, 2018, Judge Helson entered final approval of the class-action settlement and, pursuant to its terms, the case was dismissed on that same day.

### Defendant's First Collection Effort Against Plaintiff

12.     On August 16, 2018 – after having agreed to the aforementioned class-action settlement – Defendant issued a writ of garnishment against Plaintiff Jennifer Lackey based upon the default judgment in King County District Court.  *See* **Exhibit B** (writ of garnishment).

13.     Within the writ of garnishment, Defendant attested that the amount owing on the judgment remained unchanged, and that additional interest and costs had been added.  The default judgment had not been partially satisfied or otherwise vacated and adjusted.  Thus, Defendant attempted to collect amounts from Ms. Lackey which Defendant had already agreed were not owed.

14.     The writ of garnishment sought to collect $6,585.67, which included the original judgment amount of $3,816.10 (which, as stated above, was comprised of a substantial amount of pre-purchase and pre-judgment interest), plus further accumulated interest and other fees.

15.     This garnishment attempt was the first time that Ms. Lackey was made aware of the judgment, and she was shocked to learn from her employer that her wages were being garnished.  On information and belief, Ms. Lackey learned of this on August 30, 2018 and called Defendant immediately.

Complaint - 3

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

16.     During the phone call, Ms. Lackey asked for additional information, but Defendant claimed that the writ of garnishment was an "error" because Defendant was "unsure" how much the balance of the judgment "actually was."

17.     Ms. Lackey, a single mother of two children who relied heavily on her paychecks, took a substantial amount of time out of her day to investigate the matter and insisted that Defendant cancel or otherwise terminate the garnishment immediately. Ultimately, Defendant complied, but Ms. Lackey did not know what to do next, or why an erroneous garnishment had occurred (and what the error was).

18.     On or about November 16, 2018, Plaintiff received a collection letter from Defendant which demanded over $6,300.00.

19.     Shortly thereafter, Plaintiff again contacted Defendant by phone, and was told a similar tale about how Defendant was "unsure" what the balance actually was.  Despite Ms. Lackey's insistence on resolving the matter by paying if she truly owed money, Defendant refused to accept any money at all, citing the uncertainty over her account balance.

20.     This began to greatly distress Ms. Lackey; assuming she owed money, she simply wanted to resolve the matter and either pay what she owed or set up payment arrangements.  Ms. Lackey was worried about the 12% interest accruing on her "account," although Defendant's refusal to accept any payments rendered Ms. Lackey powerless to stop the accrual of a large amount of interest.  Moreover, Ms. Lackey was becoming increasingly distressed that she would have her wages garnished again, which she could not afford to have happen and still raise her family.  Overall, Ms. Lackey felt more and more distress and anxiety over a looming bill of several thousand dollars, which the creditor seemed unwilling to clear up, but insisted that she still owed.  Ms. Lackey did not know what to do, and felt like she was trapped with no options.

Complaint - 4

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

### <u>Defendant's December 20, 2018 Letter to Plaintiff</u>

21.   Ultimately, Ms. Lackey sent a letter to Defendant seeking more information, and subsequently received a letter dated December 20, 2018.  *See* **Exhibit C** attached hereto (12/20/18 collection letter).

22.   In the 12/20/18 collection letter, Defendant cryptically explained that the original wage garnishment had been released due to an "adjustment being made in your account." Defendant falsely stated that it was "no longer collecting the $1,273.10 collection fee that was referred to us along with your account and an adjustment is in the process of being made to the interest."  The letter then recited that "[a]s of December 18, 2018, the balance due on your account is the sum of $2,195.00 principal plus interest thereon at a rate of 12%, plus $200.00 for Attorney's fees, plus $148.00 for court costs and legal fees."

23.   The letter was false, misleading, and/or confusing in that:

   a.   The $1,273.10 was not a "collection fee," as it was specifically denominated by Defendant in its default judgment as pre-judgment interest;

   b.   The phrase "an adjustment is in the process of being made to the interest" was inherently meaningless, as Defendant had already agreed under a court-approved class-action settlement to cease collecting the pre-purchase/pre-judgment interest, and to the extent any "adjustment" was "being made," such adjustment would have simply been a mathematical computation resulting from the deletion of $1,273.10 from the original judgment, and a re-calculation of postjudgment interest from that point forward.  It would not have taken over four months to "adjust" a simple mathematical calculation;

   c.   The letter failed to identify the amount owed (if any), by obliquely referencing a calculation of "[as of December 18, 2018,] $2,195.00 principal plus interest thereon at a rate of 12%, plus $200.00 for Attorney's fees, plus $148.00 for court costs and legal fees."

   This can only be understood to mean that interest was accruing as of December 18, 2018 (two days earlier) on $2,195.00 (which would be incorrect because the judgment also included the $200.00 in fees and $148.00 in costs), as no other date was provided for the accrual of interest;

Complaint - 5

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

d.  The letter included a supposed "billing statement" from Highline Medical Center and stated "This statement itemizes the outstanding balance currently owed on the account." This assertion was untrue, as the basis for Ms. Lackey's supposed liability was a default judgment, not a hastily-crafted "statement" which showed an ostensible balance of $2,195.00. Thus, the letter was false in that the amount of $2,195.00 was not an "itemization" of the "outstanding balance," and only served to further confuse Ms. Lackey about what was supposedly owed;

e.  The letter invited Ms. Lackey "to make a payment or set up a payment plan," and encouraged this by vaguely threatening yet more fees and/or costs by stating that if Ms. Lackey did so, she "may be able to help both parties avoid the trouble of attending a hearing and the expense associated with further legal action." Ms. Lackey had already been advised that Defendant was unwilling to accept any payment at all, and in any event, she had no possible way to understand how much she supposedly owed, due to the confusing and contradictory letter;

f.  The letter never once mentioned the true reason for the alleged uncertainty, which is that Defendant had been sued in a class action lawsuit, that two classes had been certified, and that a condition of settlement mandated that Defendant could not lawfully collect pre-purchase interest on Highline Medical Center accounts.

24.    Adding insult to injury, when Plaintiff contacted Defendant on January 10, 2019 (as she had been coerced into doing based on the language in the 12/20/18 collection letter), Defendant's representative claimed that he was unable to verify that such a letter had been sent, and essentially had no idea what Ms. Lackey was talking about. This only served to deepen Ms. Lackey's fear, frustration, and anxiety, and moved the situation into a crisis, as Ms. Lackey had no idea how she could resolve the matter at all.

25.    Over the course of several subsequent phone calls with Ms. Lackey, Defendant continued to disseminate false, misleading, and/or confusing information.

**Defendant's March 5, 2019 Collection Letter**

26.    In early March 2019, Plaintiff received a letter from Defendant dated March 5, 2019 (attached hereto as **Exhibit D**, 3/5/19 collection letter). As with every prior communication from Defendant, the 3/5/19 collection letter only amplified the confusion.

Complaint - 6

27.     At this point in time, the alleged basis of Ms. Lackey's liability remained the default judgment entered in 2013.

28.     However, the 3/5/19 collection letter made no reference to any judgment, instead identifying five separate "accounts," and falsely identifying every single "creditor," including fictitious creditors by the names of "PCS WA COURT SERVICE" and "PCS WA GARN FEES-ANB." The letter also mis-identified Highline Medical Center as a "creditor," even though Defendant claimed it had purchased the account many years ago.

29.     On the line for the Highline Medical Center "account," the same figure of $2,195.00 appeared, next to a charge of $2,420.33 for "interest." Assuming this was even supposed to represent some bizarre line-itemization of one portion of the default judgment, 12% simple interest on $2,195.00 would be $263.40 annually, and as almost exactly six years had passed since the entry of the judgment, the accrued "interest" on $2,195.00 would have to be less than $1,580.40 (which would represent six full years of interest). Thus, the representation that Ms. Lackey owed more in "interest" on an "account" than the "principal balance," was so flagrantly false, misleading, and confusing that no person could possibly understand the basis of the supposed liability.

30.     The other amounts demanded in the letter were similarly absurd. For example, for the "creditor" "PCS WA GARN FEES-ANB," the principal amount appears as blank, but yet somehow "accrued" $1.78 in "interest." Even if there were some rational explanation (there isn't), assuming this related to the erroneous wage garnishment from August 2018, Ms. Lackey was not responsible for "interest" accruing on a zero dollar "balance" from an action which was a mistake by Defendant's own admission.

Complaint - 7

31.     In total, the 3/5/19 collection letter demanded $5,209.44, failed to mention the existence of any judgment, mis-identified every single "creditor," and yet implored Ms. Lackey to contact Defendant to make payment arrangements under threat of ever-increasing interest.

32.     Perhaps most laughably, the beginning of Defendant's 3/5/19 collection letter states, in all-caps, "WE CAN HELP CREATE A SOLUTION."  This, for reasons explained above, was another false and misleading statement.

### Effect Of Defendant's Collection Attempts On Ms. Lackey

33.     As stated above, Ms. Lackey simply wanted to pay what she owed, if she did, in fact, owe money.  Defendant frustrated Ms. Lackey's attempts to pay, or to even learn what she owed (or why she was prevented from paying), which caused a tremendous (and ever-increasing) amount of stress and anxiety in Plaintiff's life.

34.     Defendant's collection efforts were tantamount to the psychological term "gaslighting," as Ms. Lackey was constantly being told to pay money, but at the same time prevented from doing so, while receiving ongoing correspondence telling her to contact Defendant to make payment arrangements, while being told by Defendant's representatives that they had "no idea" what was going on and that her balance "could not be" calculated with certainty.

35.     While, in quantum mechanics, there is a limit to the precision of knowledge that can be ascertained concerning subatomic particles (a.k.a Heisenberg's Uncertainty Principle), *the dollar amount of a debt is absolutely knowable on any given day*.

36.     Here, Defendant refused to commit to any particular amount as being "owed" until its 3/5/19 collection letter (although that also expresses some ambiguity), the amount ultimately demanded in that letter was provably false.

Complaint - 8

37.     By subjecting Ms. Lackey to these debt collection methods (which began with a garnishment of her wages) and continuing with vague threats of "increasing interest" and possible costs of future litigation, Defendant caused (and continues to cause) Plaintiff a tremendous deal of stress.  It would even be less stressful (but still unlawful) if Defendant simply demanded a fixed amount of money which was not owed, but to refuse to commit to any amounts (while making threats and expressing unrelenting uncertainty) is tantamount to gaslighting Ms. Lackey, and is far more harmful psychologically than committing one wrongful act at one point in time.

38.     Further, the existence of the judgment is a source of ongoing damage to Ms. Lackey's creditworthiness.  This impairs Ms. Lackey's ability to purchase real property, as such a judgment would act as a lien and impair a lender's interest in the collateral.

39.     Any amounts owed by Ms. Lackey as the result of interest accruing after her attempts to pay down the debt would also constitute damages.  If Defendant had acted reasonably and allowed Ms. Lackey to arrange for payment, she could have terminated or curtailed the accrual of any lawful amounts of interest.  As it is unclear what Defendant purports is owed (and the interest claimed is plainly wrong), it is difficult to measure this aspect of damages at present.

40.     Ms. Lackey further incurred expenses in dealing with Defendant and its antics (such as postage, time from work, etc.), and incurred other out of pocket costs in seeking and retaining counsel in connection with ascertaining her legal rights and responsibilities, among other damages.

## III.     CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

41.     With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. §

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

1 │ 1692a(3) and Defendant is a debt collector as defined by 15.S.C. § 1692a(6).

2 │      42.    With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW

3 │ 19.16.100(7) and Defendant is a collection agency as defined by RCW 19.16.100(4).

4 │      43.    For claims arising under the Fair Debt Collection Practices Act, such claims are

5 │ assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499

6 │ F.3d 926, 934 (9th Cir. 2007).

7 │      44.    The discovery rule applies in FDCPA cases. *Mangum v. Action Collection Serv.,*

8 │ *Inc.*, 575 F.3d 935, 941 (9th Cir. 2009).

9 │      45.    Medical debts are unliquidated debts. *Harris v. Drake*, 116 Wn.App. 261, 290

10 │ (2003), *aff'd*, 152 Wn.2d 480 (2004). A court cannot award prejudgment interest on medical

11 │ expenses because such expenses are not fixed "until the judge or jury determines that the

12 │ expenses were reasonably and necessarily incurred." *Fox v. Mahoney*, 106 Wn.App. 226, 230

13 │ (2001). Prejudgment interest is only allowed if there is a contract that allows *exact* computing of

14 │ the amount owed (on the principal) "without reliance on opinion or discretion." *Rekhter v. State,*

15 │ *Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 124 (2014).

16 │        **GENERAL ALLEGATIONS APPLICABLE TO CPA CLAIMS**

17 │      46.    Violations of RCW 19.16.250 are per se violations of the Consumer Protection

18 │ Act ("CPA"), RCW chapter 19.86.[1] *See* RCW 19.16.440. RCW 19.86.090 provides for treble

19 │ damages (to a limit of $25,000) and attorney's fees.

20 │      47.    Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

21 │ counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

22 │

23 │ [1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 10

**ANDERSON|SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

48.    Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" may suffice to establish "injury" for purposes of the CPA. *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

## Count 1

49.    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. This includes the false representation of the character, amount, or legal status of a debt (§ 1692e(2)) or the use of any false representation or deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

50.    Basically every action taken by Defendant described in paragraphs 12-40, *supra*, constitutes a mélange of false, deceptive, and misleading representations. Every communication by Defendant contained false, deceptive, and misleading statements, and even the underlying predicates were false or misleading (such as that amounts were owed on individual "accounts" and not a default judgment). Defendant's cagey refusal to explain why it was "adjusting" Plaintiff's "balance" was an obvious effort to avoid revealing that Defendant had been sued for attempting to collect these same types of accounts from others, and that Defendant had agreed to cease such collections as part of a class-action settlement.

51.    Defendant therefore violated 15 U.S.C. § 1692e and/or § 1692e(2)/e(10) on innumerable occasions.

## Count 2

52.    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly

Complaint - 11

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

1  authorized by the agreement creating the debt or permitted by law is unfair and/or

2  unconscionable. 15 U.S.C. § 1692f(1).

3      53.    Plaintiff realleges paragraphs 12-51, *supra*. Every single interaction between Ms.

4  Lackey and Defendant included multiple unfair and unconscionable attempts to collect a debt

5  which was not owed and which was not expressly authorized.

6      54.    Therefore, Defendant violated 15 U.S.C. § 1692f(1) on innumerable occasions.

7                              **Count 3**

8      55.    A collection agency may not represent or imply that any existing obligation "may

9  be or has been increased by the addition of attorney fees, investigation fees, service fees, *or any*

10 *other fees or charges* when in fact such fees or charges may not legally be added to the existing

11 obligation of such debtor." RCW 19.16.250(15) (emphasis added).

12     56.    On each and every contact with Plaintiff, Defendant falsely represented that

13 Plaintiff's obligation (if any), was increased by the addition of nonsense fees, charges, or

14 interest.

15     57.    Defendant therefore violated RCW 19.16.250(15) on multiple occasions.

16                             **Count 4**

17     58.    RCW 19.16.250(21) prohibits attempts to collect amounts in excess of the

18 principal other than allowable interest.

19     59.    As stated above, Defendant constantly sought to collect amounts in excess of the

20 principal and allowable interest, if any.

21     60.    Defendant therefore violated RCW 19.16.250(21) on multiple occasions.

22                             **Count 5**

23     61.    A collection agency shall not communicate with a debtor in writing (such as a

Complaint - 12

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

letter), where such communication is the first written communication with the debtor or where a different amount is sought from prior communications, without providing the following information (RCW 19.16.250(8) and/or (9)):

    a.    The amount owing on the original obligation at the time it was received by the collection agency for collection.

    b.    Interest or service charges, collection costs, or late payment charges added to the original obligation by the original creditor, customer, or assignor before it was received by the collection agency for collection.

    c.    Interest or service charges added after the claim was received by the collection agency for collection.

    d.    Collection costs that the collection agency is attempting to collect.

    e.    Any other charges or fees that the collection agency is attempting to collect.

    62.    On information and belief, no such information has ever been provided to Ms. Lackey – moreover, providing this information would have saved a considerable amount of stress, anxiety, and confusion.

    63.    Although RCW 19.16.250(8)(d) provides a reduction in these requirements to the extent a valid judgment exists, Defendant generally refused to acknowledge the existence of any judgment and should be estopped from asserting the existence of a judgment as a defense, when Defendant was actively misleading Ms. Lackey as to the nature of the obligation.

    64.    Therefore, Defendant violated RCW 19.16.250(8) and/or (9).

### Count 6

    65.    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

    66.    A natural consequence of Defendant's actions necessarily harassed, oppressed, and abused Ms. Lackey in connection with the collection of a debt.

    67.    Defendant therefore violated 15 U.S.C. § 1692d on innumerable occasions.

Complaint - 13

**Count 7 – Injunctive Relief**

68.     A plaintiff may seek injunctive relief for violations of the Consumer Protection Act.  RCW 19.86.090.

69.     Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff and any other person similarly situated.  *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

70.     Specifically, Plaintiff seeks an injunction prohibiting Defendant from attempting to collect monies that are obviously not owed, and from attempting to overcharge interest and misrepresent the identity of creditors, among other actions.

71.     Plaintiff has reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

72.     Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as a whole.

73.     Injunctive relief should therefore issue as described herein.

74.     Under the WCPA, RCW 19.86.090, Plaintiff is entitled to and hereby requests reasonable attorney fees and costs under the statute.

### IV.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.     For Judgment against Defendant for actual damages.

2.     For statutory damages of $1,000.00 for FDCPA violations.

3.     For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.

Complaint - 14

ANDERSON|SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

4.      For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5.      For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3).

6.      For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 21st day of March, 2019.

ANDERSON SANTIAGO, PLLC

By: _____
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiffs
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

FILED
KCDC, Renton Courthouse

APR 24 2013

IN THE SOUTH DIVISION DISTRICT COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING, RENTON COURTHOUSE

| | |
|---|---|
| RAY KLEIN, INC., an Oregon Corporation, dba PROFESSIONAL CREDIT SERVICE,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER N LACKEY,<br><br>Defendant. | CASE NO.: 134-10195<br><br>ORDER OF DEFAULT AND DEFAULT JUDGMENT |

JUDGMENT SUMMARY

| | | |
|---|---|---|
| 1. | Judgment Creditor: | Ray Klein, Inc., an Oregon Corporation, dba PROFESSIONAL CREDIT SERVICE |
| 2. | Attorney for Judgment Creditor: | Kate H. Vessey<br>P. O. Box 7637<br>Springfield, OR 97475 |
| 3. | Judgment Debtor: | JENNIFER N LACKEY |
| 4. | Principal Balance of Judgment: | $2,195.00 |
| 5. | Pre-Judgment interest<br>from 07/07/08 & 02/21/09 to 4/11/13: | $1,273.10 |
| 6. | Statutory Attorney's Fees: | $200.00 |
| 7. | Costs: | $148.00 |
| | TOTAL JUDGMENT SUMMARY ........................ | $3,816.10 |

8.      All above sums shall bear interest at the rate of 12% simple interest from the date of judgment until paid.
//

PAGE 1 - ORDER OF DEFAULT AND DEFAULT JUDGMENT CASE # 134-10195

FLOYD C. MATTSON / KATE H. VESSEY
PROFESSIONAL CREDIT SERVICE
PO BOX 7637
SPRINGFIELD, OR 97475
(877) 251-1956  Fax (541) 345-2996
notices@professionalcredit.com

1    Plaintiff's motion having come before the Court this date, and it appearing from the records and files

2  herein that Defendant was properly served and has failed to appear, answer, or otherwise defend the above cause

3  within the time allowed by law, and is therefore in default; and the Court finding that there is no just reason for

4  the delay in the entry of judgment even if the judgment adjudicates less than all of the claims or parties, and that

5  it is expressly directed that judgment be entered.

6    IT IS HEREBY ORDERED that Defendant, JENNIFER N LACKEY, is in default, the default is hereby

7  entered, and judgment is awarded as stated in the Judgment Summary below.

8  IT IS SO ORDERED.

9

            **MAY 0 2 2013**
10
   Dated this _____ day of _____, 2013.
11

12

13                                              DISTRICT COURT JUDGE

14

15  Presented by:

16

17

18  Kate H. Vessey, WSBA# 43541
    Attorney for Plaintiff
19

20

21

22

23

24

25

26

27  PAGE 2 - ORDER OF DEFAULT AND DEFAULT JUDGMENT CASE # 134-10195

28
                                        FLOYD C. MATTSON / KATE H. VESSEY
                                        PROFESSIONAL CREDIT SERVICE
                                        PO BOX 7637
                                        SPRINGFIELD, OR 97475
                                        (877) 251-1956  Fax (541) 345-2996
                                        notices@professionalcredit.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT B

1
2
3
4
5
6
7       IN THE SOUTH DIVISION DISTRICT COURT OF THE STATE OF WASHINGTON

8                FOR THE COUNTY OF KING, BURIEN COURTHOUSE

| | |
|---|---|
| 9  RAY KLEIN INC., dba Professional Credit Service, | CASE NO.: 13410195 |
| 10 | |
| 11 | WRIT OF GARNISHMENT |
|                Plaintiff, | (60-DAY CONTINUING LIEN ON |
|        vs. | EARNINGS) |
| 12  JENNIFER N LACKEY, | |
|                Defendant, | |
| 13  AIR VAN MOVING & STORAGE, INC., | |
|                Garnishee. | |

15  THE STATE OF WASHINGTON TO:

16  AIR VAN MOVING & STORAGE, INC., 10900 NE 4TH ST STE 1850, BELLEVUE WA
98004, Garnishee.

17  AND TO: JENNIFER N LACKEY, SSN: XXX-XX-5327, 19404 SE 264TH ST, KENT WA
98042-5039, Defendant.

18  The plaintiff in this action has applied for a Writ of Garnishment against you, claiming that the
19  above named defendant is indebted to plaintiff and that the amount to be held to satisfy the
indebtedness is $6,585.67 consisting of:

20  Balance on Judgment:                                                    $ 3,816.10
21  Unpaid interest under Judgment through 08/13/2018:                       $ 2,420.14
    Taxable Costs and Attorneys' Fees:                                       $   349.43
22  Estimated Garnishment Costs:
23      Filing and Ex Parte Fees:                                            $ 32.00
        Service and Affidavit Fees:                                          $  0.00
24      Postage and Costs of Certified Mail:                                 $ 17.43
        Answer Fee or Fees:                                                  $  0.00
25      Garnishment Attorney Fee:                                            $300.00
26      Other:                                                               $  0.00
        Subtotal:                                                            $349.43
27  **TOBAL:**-------------------------------------------------------------  $ 6,585.67
28  Plus Per-Day Rate of Estimated Interest:                                 $   1.37

PROFESSIONAL CREDIT SERVICE
P. O. BOX 7637, SPRINGFIELD, OR 97475
(877) 251-1956
garnishments@professionalcredit.com

**THIS IS A WRIT FOR A CONTINUING LIEN. THE GARNISHEE SHALL HOLD** the nonexempt portion of the Defendant's earnings due at the time of service of this writ and shall also hold the Defendant's nonexempt earnings that accrue through the last payroll period ending on or before **SIXTY** days after the date of service of this Writ. **HOWEVER, IF THE GARNISHEE IS PRESENTLY HOLDING THE NONEXEMPT PORTION OF THE DEFENDANT'S EARNINGS UNDER A PREVIOUSLY SERVED WRIT FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD UNDER THIS WRIT** only the Defendant's nonexempt earnings that accrue from the date the previously served writ or writs terminate and through the last payroll period ending on or before sixty days after the date of termination of the previous Writ or Writs.

**IN EITHER CASE, THE GARNISHEE SHALL STOP WITHHOLDING WHEN THE SUM WITHHELD EQUALS THE AMOUNT STATED IN THIS WRIT OF GARNISHMENT.**

**YOU ARE HEREBY COMMANDED**, unless otherwise directed by the Court, by the Attorney of record for the Plaintiff, or by this Writ, not to pay any debt, whether earnings subject to this Garnishment or any other debt, owed to the Defendant at the time this Writ was served and not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the Defendant in your possession or control at the time when this Writ was served. Any such payment, delivery, sale, or transfer is void to the extent necessary to satisfy the Plaintiff's claim and costs for this Writ with interest.

**YOU ARE FURTHER COMMANDED** to answer this Writ according to the instructions in this Writ and in the answer forms and, within **TWENTY DAYS** after the service of the Writ upon you, to mail or deliver the original of such answer to the court, one copy to the Plaintiff or the Plaintiff's Attorney, and one copy to the Defendant, at the addresses listed at the bottom of this Writ.

If, at the time this Writ was served, you owed the Defendant any earnings (that is, wages, salary, commission, bonus, or other compensation for personal services or any periodic payments pursuant to a non-governmental pension or retirement program), the Defendant is entitled to receive amounts that are exempt from garnishment under federal and state law. You must pay the exempt amounts to the Defendant on the day you would customarily pay the compensation or other periodic payment. As more fully explained in the answer, the basic exempt amount is the greater of 75 percent of disposable earnings or a minimum amount determined by reference to the employee's pay period, to be calculated as provided in the answer. However, if this Writ carries a statement in the heading that "This Garnishment is based on a judgment or court order for child support," the basic exempt amount is fifty percent of disposable earnings.

**YOU MAY DEDUCT A PROCESSING FEE FROM THE REMAINDER OF THE EMPLOYEE'S EARNINGS AFTER WITHHOLDING UNDER THIS WRIT. THE PROCESSING FEE MAY NOT EXCEED TWENTY DOLLARS FOR THE FIRST ANSWER AND TEN DOLLARS AT THE TIME YOU SUBMIT THE SECOND ANSWER.**

PROFESSIONAL CREDIT SERVICE
P. O. BOX 7637, SPRINGFIELD, OR 97475
(877) 251-1956
garnishments@professionalcredit.com

If you owe the Defendant a debt payable in money in excess of the amount set forth in the first paragraph of this Writ, hold only the amount set forth in the first paragraph and any processing fee if one is charged and release all additional funds or property to Defendant.

**IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE FULL AMOUNT OF THE PLAINTIFF'S CLAIM AGAINST THE DEFENDANT WITH ACCRUING INTERESTS, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE ANYTHING TO THE DEFENDANT. IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.**

**JUDGEMENT MAY ALSO BE ENTERED AGAINST THE DEFENDANT FOR COSTS AND FEES INCURRED BY THE PLAINTIFF.**

☒ This Writ is issued by the undersigned attorney of record for Plaintiff under the authority of Chapter 6.27 RCW, and must be complied with in the same manner as the Writ issued by the clerk of the Court.

Dated this __14th__ day of __August__, 2018.

Ashley Bumatay, WSBA# 49805
Attorney for Plaintiff

Name and Address of Defendant:
JENNIFER N LACKEY
19404 SE 264TH ST--
KENT WA 98042-5039

Address of the Clerk of the Court:
KING COUNTY DISTRICT COURT - SOUTH BURIEN
601 SW 149TH ST
BURIEN, WA 98166

PROFESSIONAL CREDIT SERVICE
P. O. BOX 7637, SPRINGFIELD, OR 97475
(877) 251-1956
garnishments@professionalcredit.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT C



**Professional**
**Credit**

1 (866) 795-5789
notices@professionalcredit.com

*Kyle - 1-10-19*
*Amy - 2-19-19*
*Denise & Gill - 3-18-19*
*Sent via first class mail*

December 20, 2018

Jennifer N. Lackey
12505 SE 312th St, Apt. 21
Auburn, WA 98092-3100

Re:   Ray Klein, Inc., dba Professional Credit Service (Professional) v. Jennifer N. Lackey
      King County District Court Case No.: 13410195
      Professional Credit Service Account No.: 11086250

Dear Ms. Lackey,

This letter is in regards to your letter dated November 29, 2018, concerning the above referenced matter. I represent Ray Klein, Inc., dba Professional Credit Service (Professional). Professional is a debt collection agency licensed in the state of Washington.

It appears that you are not represented by an attorney. If this changes, please have your attorney contact us immediately.

In your letter you explained that you have no knowledge of the garnishment that was entered against you. This Garnishment was a result of the Default Judgment that was granted against you on May 2, 2013, after you failed to respond to the Summons and Complaint that were served upon you on March 10, 2013 at 19404 SE 264th Street in Covington, WA.

The garnishment has been released, as you were informed, due to an adjustment being made in your account. Professional is no longer collecting the $1,273.10 collection fee that was referred to us along with your account and an adjustment is in the process of being made to the interest. As of December 18, 2018, the balance due on your account is the sum of $2,195.00 principal plus interest thereon at a rate of 12%, plus $200.00 for Attorney's fees, plus $148.00 for court costs and legal fees.

To help resolve this matter, and for your reference, I have enclosed a copy of your account statement from Highline Medical Center, who sold your account to Hawes Financial, who then referred your account to us for collection. This statement itemizes the outstanding balance currently owed on your account.

Attached you will also find copies of all the documents filed with the court pertaining to this case. Please be aware that the said adjustment was made after receiving Judgment, thus, the amounts prayed for in the pleadings prior to releasing the garnishment are no longer accurate.

Ashley Bumatay, Attorney | PO Box 88726 | Seattle, WA 98138 | 425-434-4074 | abumatay@professionalcredit.com
Ana Borrayo, Legal Clerk | PO Box 88726 | Seattle, WA 98138 | 425-434-4073 | aborrayo@professionalcredit.com

Lackey
December 20, 2018
Page 2 of 2

If you have any questions, desire to make a payment or set up a payment plan; please contact us as soon as possible. You can discuss your account and explore one of these options by contacting an account representative by phone toll free at: 866-795-5789. By working with us in this matter, you may be able to help both parties avoid the trouble of attending a hearing and the expense associated with further legal action. When you contact us, please reference your case number: 13410195.

We look forward to hearing from you soon.

Sincerely,

Ashley Bumatay
Attorney for Plaintiff

ANB:ab

Encl.

1-10-19- 12pm
Kyle doesnt see letter
also doesnt know
how much I owe.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT D

P.O. Box 1320
Southgate, MI 48195-0320


**Professional**
**Credit Service**

SERVICE WITH RESPECT™

March 05, 2019

PERSONAL AND CONFIDENTIAL
Jennifer Lackey
12505 SE 312th St Apt 21
Auburn, WA 98092-3100

Phone hours (PST): Mon-Thu 7:00 am - 7:00 pm
Fri 7:00 am - 5:00 pm
Sat 9:00 am - 1:00 pm
Toll Free (866) 254-3143
Para Español (888) 927-3512

Total Due: $5,209.44

## WE CAN HELP CREATE A SOLUTION

We have previously sent you notice on this account and it is still not resolved.

We understand financial challenges, and want to help you find a solution through an affordable payment plan that fits your budget.

However, we can't help if you don't contact us.

We've also made several videos available at www.pcsdirectpay.com to help you understand how to establish a payment plan online, and what some of the processes are now that your account is in collections.

| Creditor Original Acct# | Professional Acct# | Interest Rate | Principal* | Referred Balance* | Interest | Total |
|---|---|---|---|---|---|---|
| PCS WA COURT SERVICE 5105070 | 5105070 | 12.00% | $148.00 | $148.00 | $103.79 | $251.79 |
| HIGHLINE MEDICAL CENTER H86909504 | 4623492 | 12.00% | $2,195.00 | $2,195.00 | $2,420.33 | $4,615.33 |

*Any item listed as $0.00 does not imply charges will be added later. Amounts could be added later only if allowed by agreement and/or law.

Notice: If your payment is returned we may charge you a fee up to the maximum allowed by your state.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

HAW/004    706065436711

**NOTICE: SEE REVERSE FOR IMPORTANT INFORMATION**
▲ *** PLEASE RETAIN THIS PORTION FOR YOUR RECORDS *** ▲

3459/0002414/7

▼ ***PLEASE RETURN THIS PORTION OF THE NOTICE WITH YOUR PAYMENT*** ▼

Change of Address Information - Please Complete
Address: _____
City: _____ State : _____ Zip: _____
Home Phone: _____
Work Phone: _____

We also accept money orders and MoneyGram®.

To pay in person please visit us at:
16300 Christensen Rd, Ste 203
Tukwila, WA 98188-3403

Pay online at http://www.pcsdirectpay.com
Login Information: Acct#: 11086249 PIN: 54586
⇐ Or scan this QR code using your smart phone to log in

| PAYMENT | VISA ☐ VISA | ☐ MasterCard | AMOUNT |
|---|---|---|---|
| CARD NUMBER | | | CCV# (On Back of Card) |
| SIGNATURE | | | EXP. DATE |

Account #: 11086249
Jennifer Lackey
Total Due: $5,209.44

**Accounting Department**
P.O. Box 7548
Springfield, OR 97475-0039

XXBZ  16919720040305201911086249

004

As of the date of this letter, you owe the amount reflected in this letter. Because of interest [only if applicable] and other charges [only if applicable] that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown in this letter, an adjustment may be necessary after we receive your payment, in which event we will inform you before applying the payment for collection. For further information, write to us at the address on this letter or call (866) 254-3143.

| Creditor<br>Original Acct# | Professional Acct# | Interest Rate | Principal* | Referred Balance* | Interest | Total |
|---|---|---|---|---|---|---|
| PCS WA COURT SERVICE<br>11086250 | 11086250 | 12.00% | | | $0.29 | $.29 |
| PCS WA ATTY FEES-KHV<br>5105069 | 5105069 | 12.00% | $200.00 | $200.00 | $140.25 | $340.25 |
| PCS WA GARN FEES-ANB<br>11086249 | 11086249 | 12.00% | | | $1.78 | $1.78 |

*Any item listed as $0.00 does not imply charges will be added later. Amounts could be added later only if allowed by agreement and/or law.

**Total Due: $5,209.44**

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.