UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JENNIFER LACKEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAY KLEIN, INC., dba PROFESSIONAL CREDIT SERVICE,<br><br>　　　　Defendant. | Case No. 2:19-CV-00590-RSM<br><br>**DEFENDANT'S MOTIONS TO DISMISS, AND MOTION FOR MORE DEFINITE STATEMENT**<br><br>Note on Motion Calendar: June 14, 2019<br><br>(*Oral Argument Requested*) |

## I. MOTIONS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant moves to dismiss the entire complaint because it is an improper "shotgun pleading" that fails to comply with federal pleading standards.

In the alternative, pursuant to Fed. R. Civ. P. 12(b)(6), defendant moves to dismiss (1) plaintiff's claim for statutory damages under the Washington Consumer Protection Act ("CPA") and the Washington Collection Agency Act ("CAA"), because neither Act authorizes such damages; and (2) the portion of plaintiff's claim for injunctive relief that constitutes an improperly pled class claim. Additionally, pursuant to Fed. R. Civ. P. 12(e), defendant moves for a more definite statement of the remaining claims.

## II. MEMORANDUM

### A. Complaint Allegations

In 2008, plaintiff incurred charges with Highline Medical Center ("Highline") that went unpaid. (Complaint ["Compl."] [Dkt. 4], ¶ 5). The unpaid charges ("the account") were assigned to and/or purchased by defendant. In 2013, defendant sued plaintiff in King County District Court, case no. 134-10195, to collect the account ("the collection action"). Defendant subsequently obtained a default judgment ("the judgment") against plaintiff in the collection action.[1] (*Id.* at ¶ 5 & Ex. A).

In August 2018, defendant issued a writ of garnishment to plaintiff's employer, seeking to collect the judgment. (Compl. at ¶¶ 12, 15 & Ex. B). According to plaintiff, she then called defendant and spoke to a representative who suggested that the writ of garnishment may have been issued in error. (*Id.* at ¶ 16). Subsequently, defendant voluntarily canceled the writ of garnishment. (*Id.*).

In November 2018, plaintiff alleges that she received a letter from defendant stating that she owed "over $6,300." (Compl. at ¶ 18). Plaintiff sent a letter to defendant asking for more information. (*Id.* at ¶ 21). In response, defendant sent plaintiff a letter dated December 20, 2018, which allegedly contained "false, misleading, and/or confusing" statements and representations. (*Id.* at ¶ 23 & Ex. C). In "several subsequent phone calls," plaintiff alleges that defendant continued to provide unspecified "false, misleading, and/or confusing information." (Compl. at ¶ 25).

Plaintiff received another letter from defendant dated March 5, 2019, which allegedly "amplified the confusion" because of how the letter labeled the amounts owed. (Compl. at ¶¶ 26-31 & Ex. D).

---

[1] Plaintiff alleges in conclusory fashion that the judgment was obtained "under questionable circumstances," but provides no factual matter to support this allegation. (*See* Compl. at ¶ 5).

**B. Procedural History**

On or around March 21, 2019, plaintiff served this lawsuit on defendant. The complaint asserts claims for (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the CAA; (3) violation of the CPA; and (4) injunctive relief. On April 19, 2019, defendant removed the case to this court. (Dkt. 1).

**C. General Pleading Standards**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007); internal quotations omitted). A complaint that merely states "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 129 S. Ct. at 1949.

**D. The Court Should Dismiss Plaintiff's Improper Shotgun Pleading**

*1. "Shotgun pleadings" do not comply with federal pleading standards.*

Fed. R. Civ. P. 8(a)(2) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1189 (W.D. Wash. 2010) ("Rule 8 requires a plaintiff to present allegations that would plausibly support a claim."). Additionally, Fed. R. Civ. P. 10(b) requires "a party . . . [to] state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]"

As this court has recognized, "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Nissen v. Lindquist*, 2017 WL 26843, *1 (W.D. Wash. Jan. 3, 2017) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*,

792 F.3d 1313, 1320 (11th Cir. 2015)). And "[s]hotgun-style pleadings are not a means of meeting Rule 8 and *Iqbal*." *Mickelson v. Chase Home Finance LLC*, 2012 WL 1301251, *6 (W.D. Wash. April 16, 2012).

The two most prolific types of shotgun pleadings are: "[1] a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; and "[2] a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Nissen*, 2017 WL 26843 at *1 (quoting *Weiland*, 792 F.3d at 1321-1323).

Dismissal under Fed. R. Civ. P. 12(b)(6) is the appropriate remedy for a shotgun pleading. *Nissen*, 2017 WL 26843 at *2.

### 2. *Plaintiff's improper "shotgun pleading"*

Plaintiff's complaint contains an eight-page "facts" section, purportedly supporting seven different counts of liability. The complaint fails, however, to connect which specific facts relate to which specific counts. For example:

- Count 1 purports to allege a violation of § 1692e of the FDCPA. But the count simply alleges that "[b]asically every action taken by Defendant described in paragraphs 12-40, *supra*, constitutes a mélange of false, deceptive, and misleading representations." (Compl. at ¶ 50).
- Count 2 purports to allege a violation of § 1692f of the FDCPA. But the count simply "realleges paragraphs 12-51, *supra*" (including the allegations in Count 1), and contends that "[e]very single interaction between [plaintiff] and Defendant included multiple unconscionable attempts to collect a debt which was not owed and which was not expressly authorized." (Compl. at ¶ 53).
- Count 3 purports to allege a violation of RCW 19.16.250(15) in the CAA. But, like the prior two counts, this count simply alleges that "[o]n each and every contact with Plaintiff, Defendant falsely represented that Plaintiff's obligation (if
**DEFENDANT'S MOTIONS TO DISMISS, AND MOTION FOR MORE DEFINITE STATEMENT;** *Case No. 2:19 CV-00590-RSM*

**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, OR 97204
(503) 323-9000

4

any), was increased by the addition of nonsense fees, charges, or interest." (Compl. at ¶ 56).

- Count 4 purports to allege a violation of RCW 19.16.250(21) in the CAA. But, again, the count simply alleges that "[a]s stated above, Defendant constantly sought to collect amounts in excess of the principal and allowable interest, if any."

- Count 5 purports to allege a violation of RCW 19.16.250(8) in the CAA, and then asserts a novel theory that defendant "should be estopped from asserting the existence of a judgment as a defense" because defendant "generally refused to acknowledge the existence of any judgment . . . [and] was actively misleading [plaintiff] as to the nature of the obligation." (Compl. at ¶ 63). But it's unclear which specific facts (if any), from the eight-page "facts" section in her complaint, plaintiff is relying on to support this novel theory.

- Count 6 purports to allege a violation of § 1692d of the FDCPA. But the count simply alleges, again in conclusory fashion, that "Defendant therefore violated 15 U.S.C. § 1692d on innumerable occasions." (Compl. at ¶ 67).

- Count 7 purports to seek injunctive relief under the CPA. But the count simply seeks to "enjoin Defendant from collecting debts in the manner described above . . . ." (Compl. at ¶ 69).

Additionally, the complaint includes a "general" (and incorrect) allegation that "[m]edical debts are unliquidated debts." (Compl. at ¶ 45). This allegation appears to be unrelated to any of the seven counts in the complaint. Yet, it purports to be incorporated into all seven counts because it appears under the heading "Applicable to All Counts."

In sum, all seven counts in the complaint rely (in one form or another) on "all of the above"- or "all of defendant's conduct"-type allegations, or otherwise fail to identify what specific facts found in the eight-page "facts" section of the complaint support each specific count. As a result, the complaint is replete with conclusory, vague, and immaterial facts not

**DEFENDANT'S MOTIONS TO DISMISS, AND MOTION FOR MORE DEFINITE STATEMENT;** *Case No. 2:19 CV-00590-RSM*

COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, OR 97204
(503) 323-9000

obviously connected to any particular cause of action. And the complaint "fails in one degree or another to give [d]efendant[ ], and the Court, adequate notice of the allegations supporting each . . . cause of action." *See Nissen,* 2017 WL 26843 at *2. Simply put, plaintiff's complaint is an improper "shotgun pleading" that violates federal pleading standards. *See Weiland*, 792 F.3d at 1320; *Nissen*, 2017 WL 26843 at *1; *Mickelson*, 2012 WL 1301251 at *6. The court, therefore, should dismiss the complaint in its entirety. *See Nissen*, 2017 WL 26843 at *2.

E. **In the Alternative, the Court Should (1) Dismiss Certain Parts of Plaintiff's Claims, and (2) Order Plaintiff to Provide a More Definite Statement of the Remaining Claims**

In the event the court decides not to dismiss plaintiff's shotgun complaint in its entirety, the court should still dismiss plaintiff's claim for statutory damages under the CAA and CPA, and the portion of her claim for injunctive relief relating to "any other person similarly situated." Additionally, the court should order plaintiff to provide a more definite statement of her remaining claims.

### *1. No Statutory Damages under the CAA or CPA*

In her prayer for relief, plaintiff purports to seek "statutory damages of $2,000 per violation, for [CAA] and [CPA] violations." (*See* Compl. at p. 14, ¶ 3). While a "civil penalty of not more than two thousand dollars for each violation" can be levied against a person who violates the CPA (*see* RCW 19.86.140), that civil penalty *cannot* be recovered by a private plaintiff. *Aungst v. Roberts Const. Co.*, 95 Wn.2d 439, 442 (1981). Only the State of Washington can recover the civil penalty. *See, e.g., State v. Ralph Williams' N. W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298 (1976). Additionally, the CAA provides no independent basis to recover a civil penalty or statutory damages.

Both the Honorable John C. Coughenour and the Honorable Thomas S. Zilly have already held that Washington law is clear on this issue: private plaintiffs cannot recover civil penalties under the CPA. *See Dawson v. Genesis Credit Management, LLC*, 2017 WL 5668073 at *5-6 (W.D. Wash. Nov. 27, 2017) (Coughenour, J.); *Bonelli v. Asset Acceptance, LLC*, No.

2:15-cv-01163-TSZ, order at 2-3 (W.D. Wash. Oct. 16, 2015) (Zilly, J.).[2] Plaintiff should be aware of this because her attorneys in this case already made – and lost – the same argument in *Dawson* and *Bonelli*. The court should follow *Dawson* and *Bonelli*, and dismiss plaintiff's claim for "statutory damages" under the CPA and CAA.

### 2. *No Individual Claim for Injunctive Relief on Behalf of Other Persons*

Plaintiff's seventh count for "injunctive relief" seeks to enjoin defendant "from collecting debts in the manner described above from both Plaintiff and any other person similarly situated." (Compl. at ¶ 69). Plaintiff has no standing, however, to seek injunctive relief on behalf of "any other person similar situated." This is not a class action. And only by complying with Fed. R. Civ. P. 23 can a private plaintiff bring a claim on behalf of others who are not parties to the case. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only").[3] Therefore, the portion of plaintiff's injunctive relief claim purporting to seek relief on behalf of "any other person similarly situated" should be dismissed.

### 3. *More Definite Statement of Remaining Claims*

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See Pickering v. Bank of America Home Loans*, 2016 WL 7626269, *1 (W.D. Wash. Sept. 21, 2016) ("in evaluating a motion under FRCP 12(e), the proper test is to determine whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings" (internal quotations omitted)).

Here, the complaint (a pleading to which a responsive pleading is allowed) is a "shotgun pleading" that fails to identify which specific facts from the eight-page "facts" section support which specific count of liability among seven different counts of liability asserted in the

---

[2] A copy of Judge Zilly's decision in *Bonelli* is attached to this motion as Exhibit 1
[3] The complaint cites *Scott v. Cingular Wireless*, 160 Wn. 2d 843 (2007), to support plaintiff's claim for injunctive relief. (Compl. at ¶ 69). *Scott*, however, was a class action – not an individual action – and thus does not apply to this case.

complaint. As a result, the complaint is so vague and ambiguous that defendants cannot reasonably prepare a response to it. The court, therefore, should order plaintiff to provide a more definite statement of her remaining claims to comply with federal pleading standards. *See* Fed. R. Civ. P. 12(e); *Pickering*, 2016 WL 7626269 at *1.

### III.  CONCLUSION

For the reasons discussed above, the court should dismiss plaintiff's complaint in its entirety because it is an improper "shotgun pleading." In the alternative, the court should dismiss (1) plaintiff's claims for statutory damages under the CAA and CPA, and (2) the portion of plaintiff's injunctive relief purporting to seek relief on behalf of other persons; and it should require plaintiff to provide a more definite statement of her remaining claims.

DATED:  May 17, 2019

COSGRAVE VERGEER KESTER LLP

*s/Robert Sabido*

Robert E. Sabido, WSBA No. 29170
rsabido@cosgravelaw.com
Timothy J. Fransen, WSBA No. 51110
tfransen@cosgravelaw.com
900 SW Fifth Avenue, 24th Floor
Portland, OR 97204
Telephone: (503) 323-9000
Fax: (503) 323-9019

Attorneys for Defendant

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on May 17, 2019, I caused the foregoing **DEFENDANT'S** |
| 3 | **MOTIONS TO DISMISS, AND MOTION FOR MORE DEFINITE STATEMENT** to be |
| 4 | electronically filed with the Clerk of the Court using the CM/ECF System which will send |
| 5 | notification of such filing to the following: |

Jason D. Anderson
T. Tyler Santiago
Anderson Santiago, PLLC
787 Maynard Avenue South
Suite 201
Seattle, Washington 98104

Attorneys for Plaintiff

DATED: May 17, 2019

　　　　　　　　　　　　　　　　*s/Robert Sabido*
　　　　　　　　　　　　　　　　Robert E. Sabido
　　　　　　　　　　　　　　　　Timothy J. Fransen