The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JENNIFER LACKEY,

               Plaintiffs,

      vs.

RAY KLEIN, INC., dba PROFESSIONAL
CREDIT SERVICE,

              Defendant.

NO. 2:19-cv-00590-RSM

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S RULE 12(b)(6)
MOTION TO DISMISS**

NOTE ON MOTION CALENDAR:

June 14, 2019

## I.    <u>INTRODUCTION</u>

Plaintiff Jennifer Lackey's Complaint carefully pleads the facts underpinning the debt-collection campaign of Defendant Professional Credit Service ("PCS"), and takes pains to list and explain the reasons why PCS's collection activities were false, misleading, or otherwise improper. Plaintiff then identifies each set of facts which apply to each cause of action, including citations to statutes and authority, although the same set of facts often results in multiple Fair Debt Collection Practices Act (FDCPA) and Washington Collection Agency Act (WCAA) violations. Even though Ms. Lackey brought this case in King County Superior Court (which applies a different pleading standard), the attention to detail given in her Complaint is more than sufficient to provide Defendant PCS with fair notice of her claims under the *Iqbal/Twombly* pleading standards.

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

PCS' only argument appears to be that "the complaint is so vague and ambiguous that defendants cannot reasonably prepare a response to it." Dkt. #12 at 8. PCS raises no "failure to state a claim" arguments, instead insisting that it simply cannot ascertain the basis of Plaintiff's claims. Plaintiff would respectfully assert that a review of the Complaint would provide everything that any defendant would need to know in order to prepare a responsive pleading. Therefore, Defendant's motion to dismiss should be denied. In the alternative, Plaintiff respectfully requests leave to amend.

## II.     LAW AND ARGUMENT

### A.  Fed. R. Civ. P. 12(b)(6) Motions to Dismiss

Historically, Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim are "viewed with disfavor" and are "rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. This issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974). On this backdrop, the *Iqbal/Twombly* decisions provide additional clarification but do not impose any heightened pleading standards. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Iqbal*, 556 U.S. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity"). After accepting as true plaintiff's allegations and drawing all reasonable inferences in its favor, a court must then determine whether the complaint alleges a plausible claim for relief.

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1      *See Iqbal*, 556 U.S. at 679; *see also Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038,

2  1043 n. 2 (9th Cir. 2008) (court must also draw all reasonable inferences in favor of the plaintiff).

3              **1. *Plausible Complaints Survive Rule 12(b)(6) Motions to Dismiss***

4         The Ninth Circuit has explained the "plausibility" requirement as follows:

5          If there are two alternative explanations, one advanced by defendant and the other
        advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a

6          motion to dismiss under Rule 12(b)(6) … The standard at this stage of the litigation
        is not that plaintiff's explanation must be true or even probable. The factual

7          allegations of the complaint need only 'plausibly suggest an entitlement to relief.'

8         *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (citing *Iqbal*, 129 S. Ct. at 1951).

9  Stated more succinctly, "*Iqbal* demands more of plaintiffs than bare notice pleading, *but it does*

10  *not require us to flyspeck complaints looking for any gap in the facts.*" *Lacey v. Maricopa County*

11  *(Arpaio)*, 693 F.3d 896, 924 (9th Cir. 2012) (en banc) (citations omitted) (emphasis added).

12                **2. *Notice Pleading Standards Apply***

13         The Ninth Circuit has held that *Iqbal*, *Twombly*, and their progeny did little to alter federal

14  pleading standards beyond notice pleading, as insufficient complaints would be dismissed under

15  either the current or former standards. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 963 (2009), *rev'd*

16  *on other grounds by Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011) ("Even before the Supreme Court's

17  decision[s] in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*, it was likely that conclusory

18  allegations of motive, without more, would not have been enough to survive a motion to dismiss").

19         It remains the case that a complaint requires a "short and plain statement of the claim

20  showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary;

21  the statement need only give the defendant fair notice of what the … claim is and the grounds upon

22  which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 127 S. Ct. at 1964).

23  A plaintiff's allegations need "only enough facts to state a claim for relief that is plausible on its

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 3
2:19-CV-00590-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1  face." *Twombly*, 556 U.S. at 570. "[W]e do not require heightened fact pleading of specifics..."

2  *Id.*[1]

3  **B. "Shotgun Pleadings"**

4      The thrust of Defendant's motion is its assertion that the Complaint is a "shotgun pleading,"

5  a phrase which Defendant reiterates eleven times. Dkt. #12. Although Defendant offers many

6  definitions of the phrase, it spends its efforts attempting to shoehorn Plaintiff's Complaint into this

7  category, but fails to explain how Plaintiff has failed to provide fair notice of her claims.

8      As one example, PCS claims that a "shotgun pleading" is "a complaint containing multiple

9  counts where each count adopts the allegations of all preceding counts," in a citation originally

10  attributed to *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). Dkt.

11  #12 at 4. In that case, however, the Eleventh Circuit made clear that a complaint is not an improper

12  shotgun pleading just because it re-alleges by reference all of the <u>factual</u> paragraphs preceding the

13  claims for relief – a shotgun pleading compounds the <u>causes of action</u> together. *Weiland*, 792 F.3d

14  at 1324.

15      A true example of an improper "shotgun pleading" is one containing "everyone did

16  everything" allegations in a multi-defendant case, making it impossible to determine which party

17  is subject to which claims for relief. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

18  As explained by the District Court in that case, "[a]llegations ... which incorporate each preceding

19  paragraph, regardless of relevancy, are not permitted." *Destfino v. Kennedy*, 2009 WL 63566, at

20

21  [1] The post-*Twombly* decision in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) is instructive. Within weeks
    after deciding *Twombly*, the Court reversed a Tenth Circuit decision for requiring fact pleading. In

22  Erickson, the Court held that a prisoner's § 1983 complaint, alleging simply that his hepatitis C treatment
    was terminated and thus his life was endangered without further treatment, gave prison officials fair notice

23  of his claim. The Court held that it was error for the court of appeals to declare these allegations too
    conclusory to establish – for pleading purposes – that the prisoner had suffered "a cognizable independent
    harm" as a result of his removal from the hepatitis C treatment program. *Id.*

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1  *4 (E.D. Cal. Jan. 8, 2009), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011).

2  Thus, the stereotypical "shotgun pleading" is one where each cause of action simply

3  incorporates "all of the above" as forming some basis for relief, rather than one which calls out

4  which facts apply to which allegations, as Plaintiff as properly done here. (Plaintiff would reiterate

5  that many of the same facts give rise to multiple causes of action, due largely to the interconnected

6  nature of debt-collection statutes.)

7  Again, the purpose behind pleading standards and Fed. R. Civ. P. 8(a) is to provide fair

8  notice of the claim and its underlying grounds. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

9  (2007). Plaintiff has done so here.

10  **C. Plaintiff's Complaint Properly Gives Defendant Fair Notice Of Her Claims**

11  As PCS cannot possibly argue that the Complaint lacks specificity, PCS simply contends

12  that it has no idea what Plaintiff is alleging, and that it "cannot reasonably prepare a response."

13  Dkt. #12 at 7. Plaintiff would disagree – the Complaint itself took pains to carefully identify the

14  pertinent facts, explain why PCS' actions were false or misleading, provide documents in support

15  thereof, and parse out the varying causes of action. *See* Complaint (dkt. #1-1).

16  To the extent that PCS asserts the Complaint is too "vague" because Plaintiff has not parsed

17  out the precise number of violations of various subsections (e.g. § 1692e, §1692e(10)), this type

18  of form-over-function argument should be rejected. FDCPA claims, for example, provide for only

19  one recovery irrespective of the number of violations. Moreover, any residual confusion is a result

20  of PCS' own conduct which caused the cascade of false, misleading, and otherwise deceptive

21  representations which account for numerous simultaneous violations of state and federal law. It is

22  enough for Plaintiff to identify the conduct, identify the statute(s) violated, and to provide the very

23  documents which support her claims. Defendant's motion should therefore be denied.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 5
2:19-CV-00590-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

Although Plaintiff believes her Complaint is sufficient on its face, a more thorough explanation is provided below.

### 1. *Plaintiff's FDCPA Claims (Counts 1 and 2) Are Properly Alleged*

Counts 1 and 2 allege Plaintiff's claims under the Fair Debt Collection Practices Act, specifically, 15 U.S.C. §§ 1692e and 1692f. Dkt. #1-1 at ¶¶ 49-54.

As an initial matter, a debt collector's single action or procedure can give rise to multiple violations of the FDCPA. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006). "In many cases several different sections or subsections of the FDCPA may apply to a given factual situation." *Id.* (citations and quotations omitted). Accordingly, factual overlap between Counts 1 and 2 is to be expected.

Further, the FDCPA provides for a single statutory damage award (up to $1,000), regardless of the number of violations. *See Scott v. Fed. Bond & Collection Serv., Inc.*, 2011 WL 176846, at *3 (N.D. Cal. Jan. 19, 2011) (citing *Clark*, 460 F.3d at 1178). Therefore, the precise ultimate number of violations (including those which may be revealed during discovery) is immaterial to whether Plaintiff has properly alleged her claims.

Count 1 (alleging 15 U.S.C. § 1692e, e(2), and e(10)) includes the following paragraph:

> Basically every action taken by Defendant described in paragraphs 12-40, *supra*, constitutes a mélange of false, deceptive, and misleading representations. Every communication by Defendant contained false, deceptive, and misleading statements, and even the underlying predicates were false or misleading (such as that amounts were owed on individual "accounts" and not a default judgment). Defendant's cagey refusal to explain why it was "adjusting" Plaintiff's "balance" was an obvious effort to avoid revealing that Defendant had been sued for attempting to collect these same types of accounts from others, and that Defendant had agreed to cease such collections as part of a class-action settlement.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 6
2:19-CV-00590-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

Complaint at ¶ 50.[2]  An examination of each paragraph (12-40) would be unhelpful (and far in excess of any page limitations), but beginning with paragraphs 12-15 as an example:

Paragraph 12 alleges that Defendant issued a writ of garnishment, and attaches the writ to the Complaint.  Complaint at ¶ 12, Ex. B.  Paragraph 13 provides information about the garnishment, explaining why the amount sought to be collected was, at least in part, not owed.  *Id.* at ¶ 13.  Paragraph 14 provides specifics about the garnishment in precise dollar amounts.  *Id.* at ¶ 14.  Paragraph 15 provides further contextual information, as well as identifying the date on which Plaintiff first obtained the communication from PCS.  *Id.* at ¶ 15.

These paragraphs (¶¶ 12-15) allege the wrongful action (the garnishment), the reasons why the action was wrongful, the exact dates on which each event occurred, and attach the actual document at issue.  Thus, Plaintiff's allegation in ¶ 50, which incorporates the foregoing factual allegations, properly alleges that PCS attempted to collect an amount from Ms. Lackey which she did not owe, in violation of 15 U.S.C. § 1692e, e(2), and e(10).

Arguably, as § 1692e is a blanket prohibition on false, deceptive, or misleading representations or means, a plaintiff need not allege anything beyond § 1692e, as its subsections comprise a non-exclusive list of exemplar conduct constituting violations of § 1692e.  Nevertheless, Plaintiff did include § 1692e(2), as the garnishment for amounts not owed was a "false representation of the character, **amount**, or legal status of the debt."  (emphasis added).  Plaintiff also asserted that § 1692e(10) was implicated, as issuing a garnishment for more than is owed constitutes use of a "false representation or deceptive means to collect or attempt to collect

---

[2] One issue with Defendant's conduct is that each of its actions violated so many sections and subsections of the FDCPA that a strict itemization of each and every overlapping violation would be both beyond the scope of a complaint and unproductive in light of the fact that the total number of violations is immaterial to the allegations.

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

any debt." It would have been difficult for Ms. Lackey to have used any greater specificity.

The remaining paragraphs (16-40) follow a similar format – numerous factual allegations are made, specifically identifying each debt collection attempt and, where applicable, adding information to explain why the attempt was wrongful or otherwise incorrect. The statute at issue, § 1692e, is written in relatively general terms, as a prohibition against **any** "false, deceptive, or misleading representation or means in connection with the collection of any debt." Again, it does not take a lengthy explanation to show that Plaintiff's Complaint, as drafted, is detailed and specific as to the actions at issue and the statute which is violated.

Accordingly, Count 2, alleging violations of § 1692f and f(1), follows the same analysis. Much like § 1692e, § 1692f is phrased as a general prohibition ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt"), and its subsections offer a non-exclusive list of exemplars, such as § 1692f(1), which prohibits the collection of any amount unless authorized by agreement or law (otherwise understood to be a prohibition against collecting amounts not owed, *see Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249, at *4 (W.D. Wash. Nov. 28, 2018)). Assuming Plaintiff's allegations as true, then each and every one of Defendant's collection efforts constitutes a violation of § 1692f, as it would be unfair or unconscionable to collect amounts not owed.

In short, it is difficult to accept Defendant's assertion that the Complaint fails to connect specific facts to specific counts, unless Defendant failed to understand that some of its actions constituted violations of multiple statutory provisions. The Complaint is careful to identify each collection attempt, why it was wrongful, and which statutes were violated. This is the opposite of a "shotgun pleading" and Defendant's motion should be denied.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 8
2:19-CV-00590-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

## 2. *Plaintiff's WCAA claims – Counts 3, 4, and 5*

Count 3 alleges a violation of RCW 19.16.250(15), a prohibition on representing or implying that unlawful fees or charges could be added to the debt. Plaintiff alleged that each time PCS contacted her, it violated RCW 19.16.250(15). Complaint at ¶ 56. As the Complaint contains numerous, detailed allegations about each time PCS contacted Plaintiff, it seems strange for PCS to claim ignorance as to what is being alleged. Thus, Plaintiff alleged that PCS sought to collect more than was owed, and therefore, each collection attempt violated RCW 19.16.250(15). Defendant's criticisms are, therefore, not well-taken.

Count 4 follows the same analysis, as it identifies the applicable statute (RCW 19.16.250(21), a prohibition against collecting amounts not owed) and notes that Defendant's collection efforts (previously identified) constitute a violation of the statute, as the crux of Plaintiff's allegations are that each collection attempt was an attempt to collect an amount not owed. Complaint at ¶¶ 58-60.

As to count 5, any purported confusion about the Complaint is a problem of Defendant's own making, due to its series of improper collection attempts against Ms. Lackey. Count 5 alleges a violation of RCW 19.16.250(8), which is a list of disclosure requirements.[3] Complaint at ¶¶ 61-64.[4] Plaintiff notes that RCW 19.16.250(8)(c) imposes an additional requirement on collection agencies to provide an "itemization" if it seeks to collect a different amount than in its initial notice to the debtor. Thus, a collection agency must provide varying levels of information depending on whether its collection attempt is the first notice, whether it seeks to collect a different amount than

---

[3] It is a notable irony that PCS – who provided confusing, opaque, and misleading collection demands to Ms. Lackey – now feigns ignorance over Plaintiff's allegations describing this very conduct.

[4] Count 5 also alleges a violation of RCW 19.16.250(9) in the alternative, as permitted by Rule 8(d)(2), which imposes the same disclosure requirements, but only in the event that the first written communication with a debtor is "a legal action, process or proceeding."

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 9
2:19-CV-00590-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1  that in its first notice, and whether a judgment is the subject of the collection efforts. RCW

2  19.16.250(8)/(9).

3  Without the benefit of discovery or further adjudication on the merits, Plaintiff has alleged

4  everything necessary to provide fair notice of her claims. Some of PCS' actions, however, limit

5  the level of detail that can be provided. For example, PCS' first collection attempt may have been

6  when it sued Ms. Lackey. Complaint at ¶ 5. PCS then settled a class action with terms that impact

7  the aforementioned judgment. *Id.* at ¶¶ 7-11. Thus, when PCS began its renewed collection efforts

8  in 2018 against Ms. Lackey via a garnishment proceeding on what could be construed as an

9  improper judgment (to the extent the class-action settlement's agreement that Ms. Lackey should

10  not have been held liable for certain amounts in the first place, i.e., before judgment had been

11  entered), it is unclear whether an improper garnishment constitutes "any notice, letter, message, or

12  form, other than through proper legal action, process, or proceedings" to trigger RCW

13  19.16.250(8)'s disclosure requirements. If an improper garnishment is considered "proper legal

14  action…or proceedings," then the first layer of disclosure requirements may not apply, but Plaintiff

15  would argue that wrongful conduct does not constitute "proper legal action."

16  As a second example, PCS sent a collection letter on March 5, 2019, which *appears* to

17  reference amounts which might have been encompassed in the 2013 judgment, but makes no

18  reference at all to any judgment. Complaint at ¶ 26, Ex. D. While the March 5, 2019 letter

19  identified several distinct "creditors" which were not recognizable to Ms. Lackey, it would be PCS

20  that is the actual judgment creditor (to the extent the judgment remained valid). *Id.* at ¶¶ 26-30.

21  Thus, it is unclear whether this type of letter constitutes a "first communication" with respect to

22  some other "debt," whether the letter receives the benefits of RCW 19.16.250(8)(d) (limiting

23  disclosure requirements on judgment collection efforts), or whether the letter is considered "proper

legal action…or proceedings," assuming it is attempting to collect on the judgment (but without mentioning the judgment). All Plaintiff can ascertain without the benefit of discovery is that PCS's collection attempts did not include pertinent information required by RCW 19.16.250(8) – <u>information which would have helped Ms. Lackey understand what was happening and how much PCS was trying to collect</u>. Defendant's protestations of ignorance as to the claim being alleged are without merit.

To the extent Defendant has any further uncertainty about the application of RCW 19.16.250(8)(d), which permits a collection agency to omit itemization of amounts contained in a judgment, this case does present the novel issue of whether this statutory sub-provision applies where a collection agency has committed to altering certain amounts within the judgment due to wrongful conduct which caused the judgment to be entered at an inflated amount. Further, this case presents the issue of whether, by sending a collection letter which misrepresents the nature of the obligation *and* fails to mention the judgment *and* misrepresents the creditor, a collection agency may invoke (8)(d) at all, since it would not appear to be collecting on any legitimate obligation at all. Complaint at ¶¶ 26-30, Ex. D

**The thrust of Count 5 is unmistakably clear: Defendant PCS failed to include mandatory disclosures pursuant to RCW 19.16.250(8) when it communicated with Plaintiff.** As *all* of Defendant's communications were subject to RCW 19.16.250(8), any arguments over which specific disclosures were omitted would be needlessly hair-splitting at the pleading stage, and best saved for resolution on the merits after some discovery.

### *3. Count 6 is properly pleaded*

Count 6 alleges violations of 15 U.S.C. § 1692d, which states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1  in connection with the collection of a debt." Complaint at ¶¶ 65-67. Defendant offers no argument

2  beyond the assertion that it is "conclusory." Dkt. #12 at 6.

3  Again, this is a problem of Defendant's own making. It is patently clear what is being

4  alleged – *all* of Defendant's conduct toward Ms. Lackey constitutes an ongoing violation of §

5  1692d. It is not clear that further subdivision of the allegations would be meaningful, as a plaintiff

6  may only recover one statutory damage award under the FDCPA irrespective of the number of

7  violations.

8  Returning to the example of the March 5, 2019 letter (Complaint at Ex. D), the ways in

9  which the letter itself constitutes "conduct the natural consequence of which is to harass, oppress,

10  or abuse any person" are almost innumerable. In many ways, the letter builds upon the context of

11  PCS' collection efforts, as Ms. Lackey had previously made numerous phone calls and exchanged

12  several letters with PCS, each of which compounded her uncertainty over what should ordinarily

13  be an astonishingly simple issue – *how much she owed, to whom, and why*. Complaint at ¶¶ 15-

14  25.

15  Thus, the March 5, 2019 letter contains numerous independent aspects which may "harass,

16  oppress, or abuse" Ms. Lackey. First, the letter did not even mention the existence of a judgment.

17  Complaint at ¶ 28. This could lead a person to believe the collection letter was for an entirely

18  different set of debts, even though Ms. Lackey had been repeatedly asking basic questions about

19  how much she owed (and why). Second, the letter was broken into five "accounts." *Id*. at Ex. D.

20  Where the supposed basis of liability was a judgment, demanding money on five distinct

21  "accounts" (while also omitting any mention of a judgment) would cause a great deal of confusion

22  for anyone simply trying to identify what was owed and to whom. Third, the letter identified

23  separate "creditors," including some which were fictitious entities (PCS WA COURT SERVICE,

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 12
2:19-CV-00590-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

for example) and others like Highline Medical Center, who was plainly not the judgment creditor at all.  Id. at ¶ 28.  While a legally-trained person might struggle with understanding the meaning of such statements (in that several are objectively false), there is no conceivable way that the "least sophisticated consumer" would be anything other than overwhelmed and perplexed.  *See Wade v. Regional Credit Ass'n.*, 87 F.3d 1098, 1100 (9th Cir. 1996) (the "least sophisticated consumer" standard applies to FDCPA violations).  <u>Fourth</u>, PCS sought to collect interest on a blank amount, the meaning of which is unclear, other than to underscore the futility of Ms. Lackey attempting to understand why she owed what she owed.  Complaint at ¶ 30.  <u>Fifth</u>, PCS issued this letter demanding payment knowing that Ms. Lackey had been repeatedly attempting to learn the basics of what she owed (and why, and to whom), and providing misinformation in response to these inquiries is conduct which would  "harass, oppress, or abuse" Ms. Lackey.  In total, however, it is unclear (and likely immaterial) how many total violations of § 1692d occurred.  While sending the letter itself is "conduct," certainly, the contents of the letter (upon the prior context of Ms. Lackey's inquiries and PCS' letters) may constitute separate "conduct."

In any event, the allegations of the Complaint are clear – PCS' collection campaign against Ms. Lackey constituted a violation of § 1692d, regardless of whether the entire series of events constitutes a single course of "conduct," or each individual action (or aspect) constitutes "conduct."  PCS has been given fair notice of Plaintiff's claim.

### *4.  <u>Count 7 – Injunctive Relief</u>*

Defendant twice takes issue with Count 7 (Dkt. #12 at 5, 7), under the misapprehension that Plaintiff is unable to seek injunctive relief for various reasons.  Plaintiff may do so.

First, the Complaint readily identifies the basis, statutory authority, and even case law supporting Plaintiff's claim for injunctive relief.  Complaint at ¶¶ 68-74 (citing RCW 19.86.090

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 13
2:19-CV-00590-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

and *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007)). RCW 19.86.090 permits a plaintiff to "bring a civil action in superior court to enjoin further violations" of the Consumer Protection Act.[5] Although Defendant provides only a partial quotation, the particular injunction sought was pleaded in the Complaint (at ¶ 70).

Second, as to Defendant's lamentation that this is "not a class action," dkt. #12 at 7, Plaintiff's request for injunctive relief is directed at Defendant PCS' practices as outlined in paragraph 70 of the Complaint; even if there is consequential benefit to third parties, Plaintiff is permitted to request such relief. "Consumers bringing actions under the CPA do not merely vindicate their own rights; they represent the public interest and may seek injunctive relief **even when the injunction would not directly affect their own private interests**." *Scott v. Cingular Wireless*, 160 Wn.2d 843, 853 (2007) (emphasis added) (citations omitted). Washington law is replete with examples of injunctive relief being awarded to individuals under the CPA carrying consequences beyond the two litigants' dispute. *Klem v. Washington Mut. Bank*, 176 Wn.2d 771, 796 (2013) (injunction prohibiting entity from acting as a trustee); *State v. Kaiser*, 161 Wn. App. 705, 726 (2011) (upholding injunction prohibiting company from entering into certain agreements with any property owners); *Handlin v. On-Site Manager Inc.*, 187 Wn. App. 841, 851 (2015) (consumer stated a claim for injunctive relief which would require company to provide disclosures to all customers).

Therefore, Plaintiff has properly pleaded a claim for injunctive relief, and such relief may extend to the benefit of others depending on the final phrasing of any order granting such relief. Plaintiff need not maintain a class action to obtain an injunction.

---

[5] A violation of the WCAA constitutes a "per se" violation of the CPA, and is thus enforced via the CPA. *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53 (2009).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 14
2:19-CV-00590-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

**D. Plaintiff Waives Her Claim For Statutory Damages**

To resolve the issue, Plaintiff waives her claim for statutory damages pursuant to RCW 19.86.140. Plaintiff originally brought this case in King County Superior Court, and believes this is a matter for the Washington State court system to ultimately resolve.[6] In light of Defendant's removal herein, Plaintiff will abandon this request.

[Plaintiff would also note that Defendant's two citations are to cases *also* originally brought in state court, but removed by the debt-collector defendants. Dkt. #12 at 6-7.]

**E. In The Alternative, Plaintiff Respectfully Requests Leave To Amend**

Dismissal without leave to amend is proper only where it is clear that "the complaint could not be saved by any amendment." *In re Daou Sys., Inc.,* 411 F.3d 1006, 1013 (9th Cir. 2005). To the extent that Defendant's motion succeeds, Plaintiff respectfully requests leave to amend her Complaint or otherwise re-plead as required.

//

//

//

---

[6] Although RCW 19.86.140 expressly states that "[e]very person who violates RCW 19.86.020 shall forfeit and pay a civil penalty of not more than two thousand dollars for each violation," and there is no further restriction on such penalty, some federal courts have concluded that the dicta contained within *Aungst v. Roberts Const. Co., Inc.*, 95 Wn.2d 439, 442 (1981) – a case decided before the Washington Supreme Court's thorough exploration of the CPA in *Hangman Ridge* – suffices to limit the recovery to the attorney general. While the statute actually says the opposite (the attorney general is limited to obtaining penalties for RCW 19.86.030 and .040 violations), this is a matter for the Washington courts to weigh in upon, and thus, Plaintiff respectfully withdraws her request for statutory damages under RCW 19.86.140.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 15
2:19-CV-00590-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

# III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Rule 12(b)(6) motion to dismiss be denied.

Dated this 22nd day of May, 2019.

**ANDERSON SANTIAGO, PLLC**

By: /s/ Jason D. Anderson
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorney for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 16
2:19-CV-00590-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

## **Certificate of Service**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Sabido
rsabido@cosgravelaw.com
Timothy J. Fransen
tfransen@cosgravelaw.com
900 SW Fifth Avenue, 24th Floor
Portland, OR 97204
*Attorneys for Defendant*

  /s/ Jason D. Anderson
Jason D. Anderson