UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER LACKEY,<br><br>                Plaintiff,<br><br>    v.<br><br>RAY KLEIN, INC., dba PROFESSIONAL CREDIT SERVICE,<br><br>                Defendants. | CASE NO. C19-590-RSM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION FOR MORE DEFINITE STATEMENT |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Ray Klein Inc.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement under Fed. R. Civ. P. 12(e). Dkt. #12. Plaintiff Jennifer Lackey opposes both motions. Dkt. #13. The Court finds oral argument unnecessary to resolve the underlying issues. For the reasons stated below, the Court DENIES Defendant's Motion to Dismiss and DENIES Defendant's Motion for a More Definite Statement.

## II.     BACKGROUND

Plaintiff brings this action against Defendant Ray Klein Inc., dba Professional Credit Service under several causes of action related to Defendant's efforts to collect an alleged debt

from Ms. Lackey starting in August 2018. Dkt. #1-1. Defendant is a debt collector and collection agency operating in Washington state.

In 2013, Defendant obtained a default judgment against Ms. Lackey in King County District Court on an account related to a medical bill of $2,195.00 from Highline Medical Center. Dkt. #1-1, ¶5. Plaintiff claims that in November 2017, Defendant was sued in a class action case *Roberson v. Ray Klein, et al.*, wherein parties reached a settlement requiring Defendant to remove all interest from any purchased Highline Medical Center accounts that accrued prior to the date of purchase. *Id.* at ¶¶7-8. Although Ms. Lackey claims she was not aware of the ongoing action and did not join the lawsuit, she contends that the settlement provision was to apply to non-class members such as herself, thereby releasing her from owing any pre-judgment interest on the 2013 default judgment. *Id.* at ¶10.

Ms. Lackey claims that Defendant's collection efforts started August 16, 2018 when Defendant issued a writ of garnishment of her wages for an amount of $6,585.67 based on the 2013 judgment. *Id.* at ¶12. This amount included the original judgment amount of $3,816.10, which included pre-purchase and pre-judgment interest in addition to accumulated interest and other fees. *Id.* at ¶¶14-17. Ms. Lackey claims that she was only notified of the writ of garnishment through her employer, and that this was the first time she was made aware of the judgment. When she called Defendant to clarify the situation, Ms. Lackey claims that Defendant told her the writ of garnishment was an "error" because Defendant was unsure of the balance of the judgment. Nevertheless, she received another collection letter from Defendant on November 16, 2018 demanding over $6,300.00. *Id.* at ¶¶18-20. Again, Ms. Lackey contends that she immediately called Defendant who responded that it was "unsure" of the actual balance and refused to accept any money from her.

After this phone call, Ms. Lackey claims that she sent a letter to Defendant seeking more information. In response, she received a letter from Defendant dated December 20, 2018 explaining that the wage garnishment was released and the balance due on her account was now $2,195.00 in addition to interest and fees. *Id.* at ¶22. Ms. Lackey asserts that various parts of Defendant's letter, including its explanation of the release of wage garnishment, the undefined amount owed, and the vague threat of more fees if she failed to pay, were "false, misleading, and/or confusing" to her. *Id.* at ¶23. In a series of phone calls with Defendant, Ms. Lackey claims that Defendant denied sending the letter and that she continued to receive false, misleading and confusing information. *Id.* at ¶25. Finally, Plaintiff states that she received another letter from Defendant dated March 5, 2019 which referenced five separate "accounts" and demanded $5,209.44 from Ms. Lackey. *Id.* at ¶¶ 28-32. The letter also made no reference to the 2013 judgment, despite the fact that the judgment was the alleged basis of Ms. Lackey's liability. Ms. Lackey also contends that the letter provided confusing line items for accrued interest and mis-identified various creditors. As a result of Defendant's collection attempts, Ms. Lackey claims she has suffered stress as well as monetary damages from trying to address Defendant's collection attempts and from interest accrued while Defendant refused to accept payment. *Id.* at ¶¶33-40.

On March 25, 2019, Plaintiff filed this lawsuit in King County Superior Court. Dkt. #1 at 2. Defendant removed the case to this Court on April 19, 2019. *Id.* Ms. Lackey brings claims against Defendant under the Fair Debt Collection Practices Act, the Washington Collection Agency Act, and the Washington Consumer Protection Act. She also seeks injunctive relief.

### III.  DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v.*

*Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

**B. Claims under Fair Debt Collection Practices Act**

Defendant moves to dismiss Plaintiff's claims under Sections 1692d, 1692e and 1692f of the Fair Debt Collection Practices Act ("FDCPA") on the basis that Plaintiff has failed to identify what facts support each claim and has failed to give Defendant notice of the allegations supporting each cause of action. Dkt. #4-6. The FDCPA was enacted to protect consumers from improper or abusive debt collection efforts. 15 U.S.C. § 1692. When analyzing violations of the FDCPA, a court applies the "least sophisticated debtor" standard to a plaintiff's claims. *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (citing *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir.1988)).

The Court finds that Ms. Lackey's complaint alleges sufficient facts in support of claims under section 1692e. Section 1692e prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes the false representation of the amount of any debt, *id.* at § 1692(e)(2), as well as the use of any false representation or deceptive means to collect on a debt. *Id.* at §

1692e(10). Ms. Lackey's complaint alleges, in detail, several tactics implemented by Defendant to collect on the debt that could constitute false, deceptive, or misleading representation of the amount Ms. Lackey owed. Dkt. #1-1. This includes Defendant's wrongful garnishment of her wages on August 16, 2018, *id.* at ¶¶ 12-15, as well as phone calls wherein Defendant refused to clarify the amount Ms. Lackey owed, refused to allow her to pay any amount, and contradicted collection letters it previously sent her. *Id.* at ¶¶ 16, 24-25. She also describes two collection letters from Defendant dated December 20, 2018 and March 5, 2019 that included false and/or misleading information. The December 2018 letter allegedly described an unclear "adjustment" to Ms. Lackey's account, misrepresented a "collection fee" that included unrecoverable pre-judgment interest, failed to identify the amount owed, and threatened legal action. *Id.* at ¶¶ 22-23. Similarly, the March 2019 letter allegedly misrepresented interest amounts, contained confusing or misleading line itemization and names of creditors, and made no reference to the initial 2013 judgment. *Id.* at ¶¶ 26-32. These claims sufficiently plead violations of 15 U.S.C. § 1692e.

The Court also finds that Ms. Lackey has sufficiently pleaded violations of 15 U.S.C. § 1692f, which prohibits collection on a debt using "unfair or unconscionable means to collect" on the amount. 15 U.S.C. § 1692f. This prohibition includes collection on any amount unless authorized by agreement or law. *Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249 at *4 (W.D. Wash. Nov. 28, 2018). Ms. Lackey's claims, which explain Defendant's efforts to collect on the pre-judgment interest she believes it could not lawfully collect, sufficiently allege a violation of this provision. Furthermore, her allegations of Defendant's gaslighting efforts— i.e., sending a letter with misleading collection amounts and then contradicting that information over the phone—sufficiently plead a claim that Defendant engaged in unfair or unconscionable means of collection.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND
DENYING MOTION FOR MORE DEFINITE STATEMENT - 5

Defendant also seeks to dismiss Plaintiff's FDCPA claim under Section 1692d. Dkt. #12 at 5. This provision prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This includes the use or threat of use of violence or other criminal means "to harm the physical person, reputation, or property of any person." *Id.* at 1692d(1). Plaintiff contends that "*all* of Defendant's conduct toward Ms. Lackey constitutes an ongoing violation of § 1692d" given its efforts to gaslight the Plaintiff through false or confusing collection letters followed by contradictory phone calls. Dkt. #13 at 12 (emphasis in original). Plaintiff also claims that specific elements of the March 5, 2019 letter constitute "harassing," "oppressing," or "abusive" action against Ms. Lackey, including (1) its failure to mention the 2013 judgment, despite collection being predicated on the judgment; (2) its confusing denotation of five separate "accounts"; (3) its identification of creditors that included fictitious entities; (4) its failure to denote the amount due, despite Ms. Lackey's numerous efforts to clarify both the reasons for and amount of her debt; and (5) its demand for payment despite providing misinformation. *Id.* at 12-13. All of these allegations were contained in the original complaint, including the stress and confusion Ms. Lackey experienced as a result of Defendant's alleged actions. *See* Dkt. #1-1 at ¶¶ 28-37. Applying the "least sophisticated debtor" standard, the Court finds that Ms. Lackey has sufficiently alleged a claim under Section 1692d that Defendant's conduct had a "natural consequence" of harassment, oppression or abuse.

C. **Claims under Washington Collection Agency Act**

Defendant also moves to dismiss Plaintiff's claims under the Washington Collection Agency Act ("WCAA"), RCW 19.16.250, for failure to identify what facts support each claim and failure to give Defendant notice of the allegations supporting each cause of action. Dkt. #12 at 4-6. RCW 19.16.250 lists particular actions that debt collectors are prohibited from taking

against debtors. *See* RCW 19.16.250. Ms. Lackey specifically alleges violations of subsections 15, 21, and 8. Dkt. #1-1 at 12-13.

The Court finds that Ms. Lackey has sufficiently pleaded grounds that may entitle her to relief for claims under the WCAA. Subsection 15 prohibits a debt collector from "[r]epresent[ing] or imply[ing] that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor." RCW 19.16.250(15). As described above with respect to her claims under the FDCPA, Ms. Lackey has alleged with specificity Defendant's efforts to collect on more debt than what was owed by issuing a writ of garnishment and two debt collection letters seeking to collect on pre-judgment interest. *See* Dkt. #1-1 at ¶¶ 12-15; 22-23; 26-32. For the same reason, she has sufficiently pleaded Defendant's violation of subsection 21, which prohibits "[c]ollect[ing] or attempt[ing] to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." RCW 19.16.250(21).

Likewise, Plaintiff has sufficiently pleaded her WCAA claim under subsection 8. RCW 19.16.250(8) imposes requirements on debt collectors to provide certain information in their collection letters or other notices sent to debtors regarding an existing claim. Specifically, when a debt collector attempts to collect a different amount than what was indicated in its first notice to debtor, it must itemize the amount owed on the original obligation at the time it was received for collection or by assignment as well as interest or service charges and collection costs. RCW 19.16.250(8)(c). Plaintiff acknowledges that without discovery, certain issues affecting her claims remain uncertain. For example, it is unclear what communication constituted Defendant's "first notice" to Ms. Lackey, given the possibility of an initial collection attempt prior to the 2013

default judgment. Dkt. #13 at 10. Plaintiff also notes that the unclear language in Defendant's March 5, 2019 collection raises several questions, such as whether the letter constitutes a "first communication" about a debt *other than* the 2013 judgment, or whether the letter was strictly attempting to collect on the 2013 judgment. *Id.* at 10-11. Because these questions may be properly resolved through discovery, the Court finds that Plaintiff has sufficiently pleaded violations of RCW 19.16.250(8) to survive dismissal at this stage.

### D. Waiver of Claim for Statutory Damages

Because Plaintiff has waived her claim for statutory damages under RCW 19.86.140, Dkt. #13 at 15, there is no need for the Court to address this issue.

### E. Request for Injunctive Relief

Finally, Defendant moves to dismiss Ms. Lackey's request for injunctive relief under the Washington Consumer Protection Act ("WCPA"). Dkt. #12 at 5. The Court finds that Plaintiff's request clearly sets forth both the grounds for relief as well as the relief sought. In terms of relief sought, Plaintiff seeks to enjoin Defendant from the behavior outlined in the complaint—specifically, "attempting to collect monies that are obviously not owed, and from attempting to overcharge interest and misrepresent the identity of creditors, among other actions." Dkt. #1-1, ¶70.

With respect to grounds for relief, Plaintiff seeks injunctive relief pursuant to RCW 19.86.090. This provision of the WCPA authorizes a person injured by "unfair or deceptive acts or practices" under 19.86.020 to seek an injunction in superior court against further violations and to recover the actual damages sustained. RCW 19.86.090. Because actions prohibited under the WCAA are declared unfair acts or practices under the WCPA, a violation of the WCAA constitutes a per se violation of the WCPA. RCW 19.16.440; *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 53, 204 P.3d 885, 897 (2009) ("When a violation of debt collection

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND
DENYING MOTION FOR MORE DEFINITE STATEMENT - 8

regulations occurs, it constitutes a per se violation of the [Washington] CPA and the FTCA under state and federal law."). Because Ms. Lackey has sufficiently pleaded violations of the WCAA under RCW 19.16.250, *supra* Section III(C), she has sufficiently pleaded her request for injunctive relief in state court under the WCPA.

Although Plaintiff has established standing to request an injunction in King County Superior Court, the Court notes that the calculus changed when Defendant removed the case to this Court. *See* Dkt. #1. In state court, "any person who is injured" may have standing to pursue equitable relief based on a violation of the WCPA. A plaintiff in federal court, however, must demonstrate "a real and immediate threat that he would again suffer the injury to have standing for prospective equitable relief" to satisfy Article III standing requirements. *Hardie v. Countrywide Home Loans Servicing LP*, No. C08-1286RSL, 2008 WL 8801053, at *2 (W.D. Wash. Dec. 8, 2008) (internal citations omitted); *see also Bunch v. Nationwide Mut. Ins. Co.*, No. C12-1238JLR, 2012 WL 12846993, at *3 (W.D. Wash. Sept. 12, 2012) (Plaintiff must have Article III standing to pursue CPA injunction in case removed to federal court). Here, the Court finds that the facts alleged by Ms. Lackey sufficiently plead an ongoing relationship with Defendant and the threat of the recurring injuries through attempts to collect on the 2013 judgment. *Contra Hardie*, 2008 WL 8801053, at *2 (Plaintiff had no standing to pursue injunction claim under RCW 19.86.090 in federal court where parties ended relationship and no immediate threat of recurring injury to plaintiff). Accordingly, Ms. Lackey has standing in this Court to request injunctive relief.

Defendant also moves to dismiss Plaintiff's request for injunctive relief on the basis that she lacks standing to seek relief for other individuals besides herself. Dkt. #12 at 7. Plaintiff's request for injunctive relief reads: "Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff

and any other person similarly situated." Dkt. #1-1, ¶69. However, Plaintiff clarifies that this phrasing was not an attempt to create a class action lawsuit against Defendant. Dkt. #13 at 14. Instead, the wording merely acknowledges that any injunctive relief awarded to Ms. Lackey may carry "consequences beyond the two litigants' dispute." *Id.* Given trial courts' discretion in fashioning equitable remedies, the Court agrees that Ms. Lackey has standing to seek an injunction that broadly bars Defendant from engaging in certain debt collection practices against any debtor, as opposed to barring those practices strictly with respect to Ms. Lackey. *See, e.g.*, *State v.* Kaiser, 161 Wn. App. 705 (2011) (Upholding injunction that prohibited company from entering into certain agreement with any property owner); *Klem v. Washington Mut. Bank*, 176 Wash. 2d 771, 796, 295 P.3d 1179, 1192 (2013) (Injunction requiring company to follow Washington law not "overly broad and unenforceable" where company "demonstrated little understanding or regard for Washington law."). In broadly barring Defendant from certain collection practices, the injunction could potentially affect other individuals receiving similar treatment. For that reason, the Court finds that Plaintiff has standing to seek such injunctive relief.

### F. Motion for More Definite Statement

Alternatively, Defendant requests that the Court order Plaintiff to amend her complaint with a more definite statement pursuant to Fed. R. Civ. P. 12(e). Defendant specifically asks that Plaintiff file an amended complaint identifying "which specific facts from the eight-page 'facts' section support which specific count of liability among seven different counts of liability asserted in the complaint." Dkt. #12 at 7-8. Defendant also contends that the complaint "is so vague and ambiguous" that it cannot prepare a response to it. *Id.*

"Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Pickering v. Bank of Am. Home Loans*, No. C15-1983-RSM, 2016 WL 7626269, at *1 (W.D. Wash. Sept. 21, 2016) (internal quotations omitted). Rule 12(e) motions attack the intelligibility

of the complaint as opposed to the lack of detail and are properly denied "where the complaint notifies the defendant of the substance of the claims asserted." *Id.* (quoting *Presidio Group, LLC v. GMAC Mortg., LLC*, 2008 U.S. Dist. LEXIS 75986, 2008 WL 3992765, *1 (W.D. Wash. Aug. 25, 2008)). The test under Fed. R. Civ. P. 12(e) is therefore "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Pickering v. Bank of Am. Home Loans*, No. C15-1983-RSM, 2016 WL 7626269, at *1 (W.D. Wash. Sept. 21, 2016) (internal quotations omitted).

Here, the Court finds that Plaintiff's complaint provides Defendant with a sufficient basis to frame its response. Although Defendant repeatedly describes Ms. Lackey's complaint as a "shotgun" pleading that fails to connect specific facts to each count, Dkt. #12 at 4-8, it is unclear to the Court what additional detail Ms. Lackey should be required to provide. She has supplied the dates of each collection efforts attempted by Defendants, described the contents of the communications by letter or telephone, and explained why she believes the amounts Defendant sought to collect were either incorrect or misleading. Accordingly, the Court denies Defendant's Motion for a more definite statement.

## IV.  CONCLUSION

Having reviewed Defendant's Motion, Plaintiff's Response, Defendant's Reply, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss and Motion for More Definite Statement, Dkt. #12, is DENIED.

DATED this 7 day of August, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE